ALMON, Justice.
Margie Stoor, individually and as guardian for Corinne Hardwick, an incapacitated person 91 years of age, and as conservator of her estate, filed a Rule 27, Ala. R. Civ. P., petition with the Circuit Court of Morgan *39 County, seeking to perpetuate testimony for a prospective action. Bess Beatty Turner filed a motion to dismiss that petition; the motion to dismiss was granted on May 4, 1998. The circuit court granted the motion to dismiss on the grounds that the court did not have jurisdiction over the prospective action and thus that Stoor had not presented a “cognizable” action as required by Rule 27. The issue is whether the circuit court abused its discretion when it dismissed the Rule 27 petition based upon a failure to show “that the petitioner expects to be a party to an action cognizable in a court of this state.” Ala.R.Civ.P. 27(a)(1).
Hardwick had executed a will on February 8, 1990, which would leave Bess Beatty Turner one-third of Hardwick’s estate. Hard-wick executed a subsequent will on March 7, 1997, which would leave Hardwick’s' entire estate to Turner and would disinherit Stoor, who is Hardwick’s granddaughter. On March 31, 1997, Hardwick filed a petition, presumptively under § 26-2A-102, Ala.Code 1975, alleging that she was an incapacitated person. Stoor intervened in the proceedings on the petition, and she was appointed Hard-wick’s guardian and conservator after Hard-wick was declared to be an incapacitated person.
On November 7, 1997, Stoor filed in the Morgan Circuit Court a Rule 27 petition to perpetuate testimony. Stoor alleged under Rule 27 that the will dated March 7, 1997, is invalid on the basis that Hardwick lacked the mental capacity to make a will and on the basis that the will was the product of undue influence. Stoor alleges in the Rule 27 petition that she expects to be a plaintiff in a future action contesting Hardwick’s March 7, 1997, will and that that action cannot be brought until after Hardwick’s death. Stoor alleges that unless testimony and other evidence that could be obtained during discovery is perpetuated and protected, then a failure of justice may occur, because Hard-wick will not be available to testify in an action to contest her will and the witnesses to the March 7, 1997, will are elderly and may not be available. Stoor also alleges that medical records may be destroyed before the will can be contested.
Rule 27(a), Ala.R.Civ.P., states, in pertinent part:
“(1) Petition. A person who desires to perpetuate that person’s own testimony or that of another person or to obtain discovery under Rule 34 or Rule 35 regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: (1) that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought, (2) the subject matter of the expected action and the petitioner’s interest therein, (3) the facts which the petitioner desires to establish by the proposed testimony and the petitioner’s reasons for desiring to perpetuate it, (4) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and (5) the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony or to seek discovery under Rule 34 or Rule 35 from the persons named in the petition.
[[Image here]]
“(3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure' or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written questions; or shall make an order designating or describing the persons from whom discovery may be sought under Rule 34 and specifying the objects of such discovery; or shall make an order for a physical or mental examination as provided in Rule 35(a)....”.
*40 In Ex parte Anderson, 644 So.2d 961, 965 (Ala.1994), this Court wrote:
“[Limited use of Rule 27 for the purpose of evaluating a potential claim is entirely consistent with the underlying purpose of both Rule 11, Ala.R.Civ.P., and the Alabama Litigation Accountability Act, Ala. Code 1975, § 12-19-270 et seq., in that Rule 27 provides a limited means by which potential plaintiffs (and their attorneys), within the discretion of the trial court, can examine evidence before actually deciding whether they have a reasonable basis for filing an action.”
Rule 27(a) provides for perpetuating testimony or for discovery regarding “any matter that may be cognizable in any court of this state.” The word “cognizable” is defined by Black’s Law Dictionary (6th ed.1990):
“Capable of being tried or examined before a designated tribunal; within jurisdiction of court or power given to court to adjudicate controversy.”
The circuit court based its order dismissing the Rule 27 petition upon the fact that the circuit court does not have jurisdiction over the probate of wills. Rule 27 does not require that the prospective or potential action be within the circuit court’s jurisdiction; it need only be “cognizable in any court of this state.” Rule 27 requires that the petition to perpetuate testimony be filed in the circuit court, but the prospective action does not have to be within the jurisdiction of the circuit court. Because an action involving the contest of a will is cognizable in an Alabama probate court, Stoor’s prospective action would be “an action cognizable in a court of this state.” Rule 27(a)(1), Ala. R.Civ.P.
Turner argues that, because under Alabama law a will cannot be contested until it has been offered for probate and because a will cannot be offered for probate while the testator is still alive, there is no “cognizable action” in this case. However, we accept the Black’s Law Dictionary definition of “cognizable” quoted above: “Capable of being tried or examined....” Hardwick has been declared incompetent; she cannot revoke the March 7,1997, will or make a new one unless her competence is restored. There is a reasonable possibility that Turner will offer that will for probate. Stoor asserts that if that March 7,1997, will is offered for probate, she will contest it. Because of Mrs. Hardwick’s advanced age, the need for perpetuating her testimony is both obvious and urgent. We conclude that Stoor’s petition meets the Rule 27(a)(1) requirement of showing that Stoor “expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought.” Accordingly, the circuit court abused its discretion in dismissing the Rule 27 petition.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.
LYONS, J., concurs in part and dissents in part as to the rationale; and concurs in the . result.