Petition for writ of mandamus denied; order of this Court staying circuit court orders dated 9/8/80, 9/19/80, 10/3/80 and 10/8/80 dissolved; and order of this Court staying trial in Case No. CV. 78-265 in Clark County Circuit Court dissolved.
In denying the petition, we offer the following observations as guidance to the trial court:
There is no doubt that a party may discover any relevant matter which is not privileged. ARCP 26 (b)(1). While a party's general right of discovery extends to materials his adverse party has prepared in anticipation of trial, that party may obtain such material only upon showing that he has substantial need of the materials and that he is unable without undue hardship to obtain their substantial equivalent. ARCP 26 (b)(3). Upon the proper showing, the trial court may order revelation of the information sought, but the court must take care not to allow disclosure of the "work product" of the adverse party's attorney or other representative. Of course, the adverse party's "representative" may include his insurance adjuster. See Ex parte State Farm Mutual Automobile InsuranceCo., 386 So.2d 1133 (Ala. 1980).
It is apparent that whether material is "work product" or "privileged" may not be left to the discretion of the party against whom discovery is sought. For this reason, the judge must ultimately decide whether the information or material sought is discoverable. If tangible material is sought, incamera examination of the material may be required. By this procedure, the party seeking discovery may obtain information he legitimately needs, while at the same time his adverse party's confidences and work product are preserved.
We hold that the conditional order of discovery here under review is an appropriate exercise of the trial court's discretion in the missing records context of this case. We believe the above-stated guidelines will assist the trial court in its further handling and control of its production and discovery orders and of the parties' compliance therewith.
The petition is dismissed as to that aspect relating to the trial court's denial of Petitioner's third-party complaint because of lack of jurisdiction. The interested party, Jackson Hospital, was not made a party respondent to the petition for mandamus pursuant to Rule 21, ARCP.
WRIT DISMISSED AS TO THE ASPECT DISMISSING THE THIRD-PARTY COMPLAINT; WRIT DENIED AS TO ALL OTHER ASPECTS.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.