840 So.2d 876 (2002)
Ex parte ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION and Kathy Sawyer, Commissioner of the Department of Mental Health and Mental Retardation.
(In re Millie Vick, as guardian of John David Powell v. Alabama Department of Mental Health and Mental Retardation et al.)
1011081.
Supreme Court of Alabama.
July 3, 2002.
Bill Pryor, atty. gen., and G.R. "Rick" Trawick, asst. atty. gen., Alabama Department of Mental Health and Mental Retardation, for petitioners.
John D. Clements and Ricky J. McKinney of Burr & Forman, L.L.P., Birmingham, for petitioners.
Kenneth J. Mendelsohn and Thomas E. James of Jemison, Mendelsohn & James, P.C., Montgomery, for respondent.
LYONS, Justice.
The Alabama Department of Mental Health and Mental Retardation ("DMHMR") petitioned for a writ of mandamus directing the Circuit Court of Montgomery County to vacate a discovery order it had entered in favor of Millie Vick, as guardian of John David Powell. The order directed DMHMR to produce the investigative report of the bureau of special investigations ("BSI"), the investigative division of DMHMR, relating to injuries Powell received while he was a resident at the Albert P. Brewer Developmental Center, a facility for habilitation of mentally retarded persons.
DMHMR argues that the trial court erred in ordering it to produce the BSI investigation report because, according to DMHMR, BSI investigation reports are protected by § 12-21-3.1, Ala.Code 1975, from civil subpoena unless the court finds, by substantial evidence, that the party seeking the production of the report is *877 unable, without undue hardship, to obtain the substantial equivalent of the information in the report by other means. We have today decided Ex parte Alabama Department of Mental Health & Mental Retardation, 840 So.2d 863 (Ala.2002). In that case we held that § 12-21-3.1 does apply to investigative reports prepared by BSI. The Alabama Legislature vested BSI investigators with all the duties and the powers of police officers, see § 22-50-21, Ala.Code 1975, making BSI investigation reports subject to the provisions of § 12-21-3.1. The issue in this case is almost identical to the issue presented in Ex parte Alabama Department of Mental Health, with the exception that, in the present case, the trial court held a hearing on the matter and entered a protective order regarding the release of the BSI report. However, a trial court may not, simply by ordering that those who receive access to the report maintain confidentiality, obviate the requirement that the moving party show "undue hardship." If that were the case, there would be little need for a requirement that the moving party show "undue hardship" before being given access to the information.
For the foregoing reasons, DMHMR is entitled to the relief it seeks; therefore, we grant the petition and issue the writ of mandamus. DMHMR may be compelled to produce the BSI investigation report, but only after Vick has shown that she is unable, without undue hardship, to obtain the substantial equivalent of the information contained in the report by other means.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and HOUSTON, SEE, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs specially.
JOHNSTONE, Justice (concurring specially).
While the text of § 12-21-3.1, Ala.Code 1975, suggests that the privilege may depend on the pendency of some "criminal matter," the parties do not develop either the facts or the law on this issue. Therefore I concur in the main opinion.