Dwight Long filed a verified petition in the Montgomery Circuit Court, pursuant to Rule 27, Ala. R. Civ. P., requesting preaction discovery from Psychemedics Corporation. The trial court granted the petition. Psychemedics petitions this Court for a writ of mandamus ordering the trial court to vacate its order and to dismiss Long's Rule 27, Ala. R. Civ. P., petition. We grant the petition and issue the writ.
 Facts
During a random drug test of county employees, Long's hair tested positive for cocaine, and he was terminated from his job with Montgomery County. The hair samples had been collected by Dr. Michael Turner, a local physician, and his staff at Southeastern Industrial and Family Medicine Associates, L.L.C. ("SIFMA"), pursuant to a contract with the City of Montgomery, which also covered employees of Montgomery County. Employees of the City of Montgomery and Montgomery County are subject to random drug testing by SIFMA. The samples were then mailed to a laboratory operated by Psychemedics located in California, where tests indicated that Long's hair samples contained cocaine. Long, maintaining that the test results were inaccurate, appealed his termination to the Montgomery City-County Personnel Board, which reviews personnel decisions concerning city and county employees. Long, in preparation for his hearing, subpoenaed Psychemedics, seeking the records and the tested samples of his hair. Psychemedics refused to produce the records and samples and suggested that the requested items be obtained from the city attorney handling the appeal for the personnel board. When Long asked the personnel board to compel Psychemedics to produce the records and samples, the director of the personnel board informed Long that it had "no mechanism or funds to enforce compliance with the subpoena."
Long then filed in the Montgomery Circuit Court, his Rule 27, Ala. R. Civ. P., petition seeking pre-action discovery of the requested documents and the hair samples. The petition named Psychemedics as the sole defendant. In his petition, Long averred that Psychemedics hired Dr. Turner as its local marketing representative and that Dr. Turner sold Psychemedics's hair-testing services to the City of Montgomery. Long further alleged that the results of the tests conducted on his hair samples were inaccurate. According to Long, the allegedly inaccurate test results were a consequence of Psychemedics's failure to follow its own rules concerning testing of hair samples. Long stated that he expected to represent a class of individuals as to whom Psychemedics had wrongfully reported positive test results. According to Long, the requested discovery would enable him to file an action alleging defamation, violations of the right to privacy and due process, and other as yet unknown claims. Long alleges that he is presently unable to bring his action because of Psychemedics's "failure to provide the information subpoenaed." *Page 587 
In his petition seeking preaction discovery, Long requested that Psychemedics produce proof that its California laboratory was certified by the United States Department of Health and Human Services; copies of all complaints and/or answers for any and all lawsuits against Psychemedics involving any allegation with respect to its testing methods; copies of all complaints and/or answers in any and all actions against any entity that used Psychemedics's services that involved any allegation with respect to Psychemedics's testing methods; copies of all contracts between Psychemedics and the City of Montgomery; copies of all contracts between Psychemedics and Dr. Turner and SIFMA; copies of the standard operating procedures for all testing and analyses conducted on his hair samples; copies of the data and validation data conducted and collected on his hair samples; copies of the data collected for the raw quality-control samples, calibrators, and negative controls used in the testing of his hair samples; all documents listing the names of the individuals involved in collecting and testing his hair samples; copies of the personnel files of each of the individuals involved in collecting and testing his hair samples; copies of the documents providing the chain of custody of his hair samples; the personnel file of Gloria Ameigeiras[1]; and the samples of his hair that were received at the laboratory and used in the testing. Long also asked the circuit court to order certain Psychemedics's employees, whose names would be determined based on the requested documents, to submit to depositions.
Psychemedics responded to the petition by filing a limited appearance before the circuit court contesting the court's jurisdiction over Psychemedics and challenging Long's procedural compliance with Rule 27, Ala. R. Civ. P. The circuit court granted Long's petition and entered an order compelling Psychemedics to produce the requested discovery and ordering depositions of Psychemedics's employees. Psychemedics petitions this Court for a writ of mandamus ordering the circuit court to vacate its order and to enter an order dismissing the action. We grant the petition and issue the writ.
 Standard of Review "`"A writ of mandamus is an extraordinary remedy that requires a showing of (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."'
 "Ex parte Bruner, 749 So.2d 437, 439
(Ala. 1999) (quoting Ex parte McNaughton, 728 So.2d 592, 594 (Ala. 1998))."
Ex parte Norfolk Southern Ry., 816 So.2d 469, 471
(Ala. 2001).
 Discussion
Rule 27, Ala. R. Civ. P., authorizes a circuit court to permit someone who anticipates that he or she will be a party to a lawsuit to obtain certain discovery before the lawsuit is filed. The purpose of Rule 27, Fed.R.Civ.P., is to perpetuate testimony and evidence that is in danger of being lost or destroyed. Rule 27, Ala. R. Civ. P., however, has been construed as not limited to perpetuating evidence and as available for evaluating a potential claim, as Long seeks to do in the present case. See Ex parte Anderson,644 So.2d 961, 964-65 (Ala. 1994). In Ex parte Anderson, this *Page 588 
Court, addressing the differences between Rule 27, Ala. R. Civ. P., and Rule 27, Fed.R.Civ.P., explained the purpose behind Alabama's Rule 27, as follows:
 "Although Alabama Rule 27 does not give a potential plaintiff `carte blanche' to `fish' for a ground for filing an action, it nonetheless provides for preaction `discovery under Rule 34,' regardless of any need to perpetuate evidence, provided that the requirements of the rule are met and that the trial court is satisfied that such discovery might serve to prevent a failure or delay of justice. As previously noted, relief under Rule 27 is discretionary with the trial court, and a trial court's ruling on a Rule 27 petition will not be reversed in the absence of an abuse of discretion. Therefore, although we find the federal courts' interpretation of Federal Rule 27 to be instructive on the question presented in this case, we do not deem it to be controlling."
Psychemedics's mandamus petition does not ask this Court to revisit its decision in Ex parte Anderson. Instead, Psychemedics argues, among other things, that Long's Rule 27 petition is deficient. Rule 27(a)(1), requires the petitioner to show:
 "(a) Before Action.
 "(1) Petition. A person who desires to perpetuate that person's own testimony or that of another person or to obtain discovery under Rule 34 or Rule 35 regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: (1) that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought, (2) the subject matter of the expected action and the petitioner's interest therein, (3) the facts which the petitioner desires to establish by the proposed testimony and the petitioner's reasons for desiring to perpetuate it, (4) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and (5) the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony or to seek discovery under Rule 34 or Rule 35 from the persons named in the petition."
Rule 27(a)(1)(4) requires the petitioner to provide "the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known." Long's Rule 27 petition states that "at a minimum, [Long] expects that Psychemedics will be a party to that action as well as certain other governmental entities." Long has not named or adequately described the parties he expects will be adverse parties nor does he provide their addresses, even though it is clear that "governmental entities" in Montgomery County would be parties. The petition may be filed only in the circuit court in the county of the residence of any expected adverse party. Because Long failed to name or describe the entities to be sued, along with their addresses, he did not establish Montgomery County as a residence of any expected defendant.[2] *Page 589 
 Conclusion
We grant the petition for the writ of mandamus and direct the trial court to dismiss Long's Rule 27, Ala. R. Civ. P., petition for preaction discovery.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, STUART, and MURDOCK, JJ., concur.
[1] The materials submitted to this Court do not explain who Ameigeiras is or her relevance to the potential action.
[2] The situation where all the expected adverse parties are from out-of-state is not before us in this mandamus petition.