SHAW, Justice.
The City of Mobile (“the City”) appeals from an order requiring it to produce documents in response to a preaction-discov-ery request filed by Regenia T. Howard. We reverse and remand.

Facts and Procedural History

In August 2009, Howard filed a verified petition in the Mobile Circuit Court, pursuant to Rules 27 and 34, Ala. R. Civ. P., requesting preaction discovery from the City related to an incident in which, in an attempt to apprehend Howard’s then 13-year-old son, T.T., who had left school without authorization, an officer employed by the Mobile Police Department shocked T.T. with a stun gun. According to Howard’s petition, and based upon her belief that the two arresting officers used excessive force in apprehending her son, Howard anticipated filing an action “cognizable in State or Federal court in Alabama, but presently lack[ed] the information necessary to bring this action without risking dismissal” based on the stringent pleading requirements applicable to civil-rights cases and/or the possibility of incurring litigation-accountability sanctions.
In her petition, Howard sought preaction review of the following:
“6. ... [A]ny and all police videos, audio reports, written or audio investigative reports, arrest reports, photographs, interviews and statements, internal investigations, summaries and findings and all other documents that were generated as a result of the incident of January 27, 2009.”
In the subsequent paragraph, Howard indicated that she further wanted access to the findings of an investigation conducted in response to a complaint she filed with *43 the City following the incident.[1]
Howard’s petition also outlined her efforts in attempting to obtain the requested information before applying to the trial court for preaction discovery:
“10. On April 14, 2009, [Howard] wrote the Mobile Police Department seeking information on [T.T.’s] treatment and attaching to said letter [T.T.’s] affidavit containing the facts of the events (Attachments A and B). On May 13, 2009, [T.T.] was.interviewed by Sergeant Marcus Young of the Mobile Police Department. On May 18, 2009, the Mobile Police Department by letter advised the undersigned counsel that ‘it has determined there was not sufficient evidence to sustain the allegations of excessive force on the parts of the officers.’ No specifics nor supporting documentation or information was provided.
“11. On May 28, 2009, [Howard’s] counsel wrote counsel for the’ City seeking, ‘any documentation of this incident, including incident reports, arrest reports, memos, radio transmissions, and most importantly any copies of the squad ear videos. [Howard’s counsel further indicated that he] would also like to get the names of the officers present and in particular any reports that have been filed.’ (Attached as Attachment C.) [Howard’s] counsel received a response from the City[’s] counsel saying that his request would be forwarded to the counsel for the poliee[.] (Attached as Attachment D). [Howard] has received no further response to said letter.
“12. On March 13, 2009, a verified claim was filed with the City Clerk of the City of Mobile. (Attached as Attachment E.) [Howard] has received no response to said claim.”
The City answered Howard’s - petition, asserting, among other defenses, that § 12-21-3.1, Ala.Code 1975, protected the requested items from disclosure and that “the stated purpose of Rule 27 does not apply in the instant action.” The City later amended its answer to respond to the individually numbered paragraphs of Howard’s petition. In that amended pleading, in addition to reasserting the defense that the items sought were protected from disclosure both by § 12-21-3.1 and by “law enforcement investigatory privilege,” the City denied that Howard had demonstrated that “she has. exhausted all available avenues for obtaining the substantial equivalent of the. requested discovery by other means.” The City, in its amended answer, further asserted that “[a]ny discoverable items which might exist are available to [Howard] through other reasonable means which [Howard] has not undertaken to pursue.”
Following exhaustive briefing of the issues by the parties and a subsequent hearing, the trial court, on January 14, 2010, granted Howard’s petition.[2] Specifically, the trial court ordered the following:
*44 “The [City] shall produce for inspection and copying the items identified in paragraph 6 of [Howard’s] complaint within 21 days of the date of this order. All information produced pursuant to this order shall be held confidential by [Howard] and counsel and used only to evaluate the grounds for bringing claims or litigating such claims and for no other purposes.”
Thereafter, the City timely filed a motion to alter, amend, or vacate that ruling, which the trial court denied. The City timely filed a notice of appeal to the Court of Civil Appeals on February 19, 2010. Ori April 28, 2010, the Court of Civil Appeals transferred the appeal to this Court based on the lack of subject-matter jurisdiction. Following that transfer, on May 3, 2010, we granted the City’s motion to stay the trial court’s January 14, 2010, order pending resolution of the present appeal.

Standard of Review

“ ‘[R]elief under Rule 27 is discretionary with the trial court, arid a trial court’s ruling on a Rule 27 petition will not be reversed in the absence of an abuse of discretion.’ Ex parte Anderson, 644 So.2d 961, 964 (Ala.1994).” McConico v. Correctional Med. Servs., Inc., 41 So.3d 8, 14 (Ala.Civ.App.2009).

Discussion

On appeal, the City argues that the trial court exceeded its discretion in compelling the production of the requested items without requiring Howard to present substantial evidence showing that she would suffer undue hardship without the information; that she had exhausted all other reasonable means of obtaining the information; or that the items sought by Howard possessed potential probative value in Howard’s anticipated civil action.[3]
“Rule 27, Ala. R. Civ. P., authorizes a circuit court to permit someone who anticipates that he or she will be a party to a lawsuit to obtain certain discovery before the lawsuit is filed.... Rule 27, Ala. R. Civ. P., ... has been construed as not limited to perpetuating evidence and as available for evaluating a potential claim, as [the petitioner] seeks to do in the present case. See Ex parte Anderson, 644 So.2d 961, 964-65 (Ala.1994). In Ex parte Anderson, this Court ... explained the purpose behind Alabama’s Rule 27, as follows:
“ ‘Although Alabama Rule 27 does not give a potential plaintiff “carte blanche” to “fish” for a ground for filing an action, it nonetheless provides for preaction “discovery under Rule 34,” regardless of any need to perpetuate evidence, provided that the requirements of the rule are met and that the trial court is satisfied that such discovery might serve to prevent a failure or delay of justice. As previously noted, relief under Rule 27 is discretionary with the trial court, and a trial court’s ruling on a Rule 27 petition will not be reversed in the absence of an abuse of discretion.’ ”
*45 Ex parte Psychemedics Corp., 987 So.2d 585, 587-88 (Ala.2007).
The items sought by a Rule 27 preaction-discovery request, even when production of the items may “‘serve to prevent a failure or delay of justice,’ ” 987 So.2d at 588, are subject to the same limitations as discovery requests filed in a pending civil action. Thus, although a plaintiff anticipating litigation may request documents or other items of discovery necessary to evaluate his. or her potential claim, the requested records may, nonetheless, be protected from disclosure by other provisions of Alabama law — such as the statutory privilege afforded by § 12-21-3.1, Ala.Code 1975. See Allen v. Barksdale, 32 So.3d 1264, 1270 (Ala.2009) (noting that “there are numerous specific statutes exempting from public inspection certain records”).
Section 12-21-3.1 provides, in pertinent part, as follows:
“(a) Neither law enforcement investigative reports nor the testimony of a law enforcement officer may be subject to a civil or administrative subpoena except as provided in subsection (c).
“(b) Law enforcement investigative reports and related investigative material are not public records. Law enforcement investigative reports, records, field notes, witness statements, and other investigative writings or recordings are privileged communications protected from disclosure.
“(c) Under no circumstances may a party to a civil or administrative proceeding discover material which is not authorized discoverable by a defendant in a criminal matter. Noncriminal parties may upon proper motion and order from a court of record: Secure photograph's, documents and tangible 'evidence for examination and copying only by order of a court imposing such conditions and qualifications as may be necessary to protect a chain of custody of evidence; or protect the prosecutors’, law enforcement officers’, or investigators’ work product; or to prevent the loss or destruction of documents, objects,,, or evidence. Such discovery order may be issued by a court of record upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources.”
(Emphasis added.) See also Allen, 32 So.3d at 1271 (“Section 12-21-3.1(b) clearly exempts law-enforcement investigative reports and related material from public disclosure.”, (emphasis added)); Ex parte Sawyer, 876 So.2d 433, 438 n. 1 (Ala.2003) (“Section 12-21-3.1, Ala.Code 1975, provides that law-enforcement investigative reports are protected from civil subpoena unless the court-finds upon proof of substantial evidence that the party seeking the report will suffer undue hardship and that the records are unavailable from other reasonable sources.”).
Howard argues that the protections afforded by § 12-21-3.1 extend “only to ‘law enforcement investigative reports’ and law enforcement ‘testimony,’ ” as opposed to all other documents that may be pertinent to the incident involving her son that occurred on January 27, 2009. However, it appears, based on the testimony of Lt. Baroneise Dixon, as discussed in note 1, supra, that the City has, in fact, produced all pertinent information in its possession except the report that resulted from the internal investigation of Howard’s excessive-force complaint. The City correctly argues that § 12-21-3.1 forbids , disclosure of that information unless permitted under subsection (c) of that Code section. Moreover, the language of Howard’s own petition makes it clear that the information *46 she sought related specifically to the resolution of the complaint Howard filed with the City as a result of the incident, which was unfavorable to Howard.
In Ex parte Alabama Department of Mental Health & Mental Retardation, 840 So.2d 863 (Ala.2002), in applying the protections afforded by § 12-21-3.1, this Court stated:
“A showing of undue hardship requires more than a mere conclusory statemént by the party seeking the information that he or she could not obtain the equivalent of the information in the reports sought by discovery without undue hardship. Before the trial court could grant Lambert’s motion to compel the production of the BSI investigation report, Lambert was required to show that she had at least tried to interview or depose the witnesses interviewed by BSI investigators. Furthermore, before the trial court granted Lambert’s motion to compel production of the BSI report, the trial court should have conducted an in camera inspection of that report to determine whether the statements contained in the report are relevant and whether the information is such that it cannot be obtained from another source without undue hardship. See Ex parte May, 393 So.2d 1006, 1007 (Ala.1981) (holding that if tangible material is sought in discovery, in camera examination of the material may be required) ....
"... Undue hardship might include, among other things, the unavailability of a witness whose statement cannot be obtained from another source; the lack of access to patients who had given statements to the BSI investigators or the impossibility of obtaining the equivalent of those statements from patients because of a patient’s physical or mental deterioration; the refusal of patients or hospital staff to make a statement to Lambert for fear of reprisal by the hospital; or the refusal of patients or staff members or even former staff members to speak to Lambert out of fear of self-incrimination.”
840 So.2d at 868-69 (emphasis added).
On appeal, Howard contends that, in consideration of the foregoing factors, as identified by this Court in Ex parte Department of Mental Health, she has produced evidence showing that she will suffer substantial hardship if the information is not disclosed. Specifically, Howard argues that the information in the City’s internal investigative reports are unavailable to her by any other means; that information pertaining to additional eyewitnesses of which she is unaware is unavailable to her without disclosure of the requested information; and that the officers who were present when T.T. was apprehended are unlikely to speak with her voluntarily. Howard also again references on appeal her repeated applications to the City in an effort to obtain the requested information.
These arguments, we note, as was also true in Ex parte Department of Mental Health, see 840 So.2d at 868, were not presented to the trial court in support of Howard’s petition; thus, they could not have been considered by that court as a basis for finding that Howard would suffer undue hardship before the trial court entered the preaction-discovery order. Although Howard argues in her brief to this Court that the information she requires to assess her potential claim against the City and the officers may not be obtained from any source other than the City, she has offered nothing to show that any or all of the witnesses who may have been interviewed by the City in conducting its internal investigation and whose statements presumably appear in the investigation re *47 port were not accessible to her. Moreover, Howard has identified one eyewitness in her brief, and it is unclear whether this witness may lead Howard to others. As to reports or information related to internal disciplinary, investigations, we agree that Howard has failed to. allege, much less demonstrate, that the requested information, or a suitable alternative, was not available through personnel files and/or disciplinary records of the officers involved, which Howard could have obtained through other channels without seeking the resulting investigative files. Thus, the materials before us identify a potential alternate source of the information that Howard’s petition does not indicate she has pursued.
We are also unpersuaded by Howard’s argument that the requested information is indispensable to evaluating her potential claim. In fact, one of the letters from Howard’s counsel to the City, which was attached as an exhibit to Howard’s petition, specifically references the results of an interview Howard’s counsel purportedly conducted with an eyewitness to the events, who substantiated T.T.’s version of the events. Thus, given the existence of evidence purportedly corroborating Howard’s alleged excessive-force claim, it is difficult to conclude that Howard’s fears of litigation-accountability sanctions or of the inability to meet heightened pleading standards are sound.
Here, Howard’s petition alleged nothing save that, as a result of the City’s continued refusal to provide further information regarding the investigation of Howard’s complaint, she “currently has insufficient information to proceed.” That assertion fails even to rise to the level of the allegation of hardship espoused by the petitioner in Ex parte Department of Mental Health, which this Court previously deemed insufficient. See also Ex parte Dangerfield, 49 So.3d 675, 684 (Ala.2010) (“The respondents have made no allegation — much less a showing — of hardship as required by [§ 12-21-3.1] ... for the discovery of the documents, notations, memoranda, and interview notes accumulated by the Department [of. Revenue] during its investigation.”). Moreover, on appeal, the gist of Howard’s argument, as recounted above, is that, without the requested information, she will suffer undue hardship because the information she seeks is not readily available from other sources. That is the exact assertion rejected in Ex parte Department of Mental Health. See 840 So.2d at 868 (concluding that the plaintiff “made no showing in the trial court of undue hardship”; instead, “[s]he merely alleged, ‘... the Plaintiff will suffer undue hardship if she does not receive the reports because the information in the reports is unavailable from other reasonable sources’ ”). Cf. Ex parte Sexton, 904 So.2d 1251, 1252 (Ala.2004) (pleading, which established “that the photographs of the scene taken by the sheriffs investigator were unique ...; that similar photographs could not be obtained from any other source ...; and that the absence of those photographs at the trial of the civil action would impose an undue hardship on the litigants,” satisfied § 12-21-3.1 by making the requisite showing of undue hardship). In fact, here, just as in Ex parte Department of Mental Health, Howard has failed to include even an allegation that she has, as suggested by the City, either requested permission to interview or sought, pursuant to Rule 27, to depose the officers who may have been interviewed by the City during its investigation of her complaint.
Moreover, it is clear that Howard’s every discovery effort in the present case was directed to a single source: the City. In her brief filed in support of her Rule 27 petition, Howard acknowledges that “she has made every effort to seek this informa *48 tion through the offices of the [City], but has been rebuffed.” Based on the City’s response — or lack thereof — Howard concluded that she is thus “unable to acquire this information by any means short of discovery, with or without a showing of ‘substantial hardship.’ ” In a later supplement, Howard brought to the trial court’s attention this Court’s decision in Allen v. Barksdale, supra, and quoted the portion of that decision where we recounted the factors constituting undue hardship, as previously established in Ex parte Department of Mental Health (on which the Allen opinion relied).[4] Following that recitation, Howard asserted in her supplemental brief that her petition and the attached exhibits established that she and her counsel “ha[d] made every effort to seek information necessary upon which to assert a claim for police excessive force.”
Howard, for all that appears from the record, has never tried to obtain the information she seeks from any source other than the City and has failed to demonstrate that she is unable to obtain that information from other sources without undue hardship. Although this Court is aware of, as cited by Howard, the heightened pleading requirements that apply to her anticipated action, we are nonetheless bound by our prior interpretation of the requirements of § 12-21-8.1, particularly as applied in Ex parte Department of Mental Health, supra. We are also cognizant that the trial court’s order included an instruction that the disclosed information be kept confidential by Howard and her attorney; however, in Ex parte Alabama Department of Mental Health & Mental Retardation, 840 So.2d 876 (Ala.2002), we specifically held that “a trial court may not, simply by ordering that those who receive access to the report maintain confidentiality, obviate the requirement that the moving party show ‘undue hardship.’ ” 840 So.2d at 877. In consideration of the foregoing, we conclude that the trial court exceeded its discretion in compelling the City to produce items documenting officer testimony, internal investigative reports, and investigators’ work product in the absence of a showing by Howard that she is unable, without undue hardship, to obtain by other means the substantial equivalent of the information she seeks. The decision of the trial court is, therefore, reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.

. In opposition to Howard’s petition, the City submitted the affidavit testimony of Lt. Baro-neise Dixon, a lieutenant in the Mobile Police Department, who serves on the Internal Affairs Unit. According to Lt. Dixon, following the incident, Howard filed a. complaint against the two arresting officers. Lt. Dixon indicated, however, that following a “thorough investigation,” which purportedly involved the consideration of eyewitness statements, the "Internal Affairs Unit determined that the conduct of the officers on the scene was not improper." In her affidavit, Lt. Dixon further stated that the investigation did not reveal either video or audio recordings of T.T.’s arrest, but Lt. Dixon did produce a report regarding the use of the stun gun, which was attached to her affidavit. Lt. Dixon’s affidavit also disclosed the full names and ranks of the two officers involved in the apprehension of T.T.

. Nothing in the record before us indicates that, before ordering their production, the trial court reviewed the contents of the requested documents in camera. In fact, based *44 upon the City's request for such an inspection in its postjudgment motion, which the City now repeats in its brief to this Court, it appears from the silent record that an in camera inspection clearly did not occur before the trial court entered its order.

. In its brief to this Court, the City also contends that the trial court exceeded its discretion in compelling the production of law-enforcement investigative reports that, it says, pursuant to § 12-21-3.1(c), Ala.Code 1975, are prohibited from discovery because they are not subject to discovery by a criminal defendant. Further, the City maintains that the trial court exceeded its discretion in compelling production of materials that are exempt from production as provided by § 12-21-3.1(b), Ala.Code 1975.

. In Allen, we concluded that the refusal by the commissioner of the Department of Corrections to release prison-incident reports to the general public was not protected by § 12-21-3.1; however, because of the commissioner's failure to respond to the inmates’ allegations of undue hardship, this Court determined that the commissioner had waived any argument in opposition for purposes of appeal. Therefore, we did not actually make a determination as to whether the undue-hardship requirement had been satisfied in that particular case.