MADDOX, Justice.
The issues presented by this appeal are moot. Therefore, the appeal is dismissed.
R.C. Brown, the father of a mentally retarded son who was a resident of the Albert P. Brewer Developmental Center (“Brewer Center”), petitioned the Mobile Circuit Court for an order allowing him to conduct discovery before filing an action. He sought the discovery pursuant to the provisions of Rule 27, Ala. R. Civ. P., for the purposes of ascertaining how his son had disappeared from the Brewer Center. The condition of the son and the events that led to his disappearance were unknown.
*771 Brown sought to conduct discovery so that he could ascertain whether he had a basis for filing an action against the Brewer Center for any injuries his son might have sustained, or would be entitled to file a wrongful-death action if his son was found to be dead.
The trial court, on January 2, 2000, issued an order requiring the Brewer Center to show cause why the petition should not be granted. The Brewer Center opposed the petition, arguing that Brown’s petition failed to provide an adequate reason for proceeding with discovery under Rule 27, because, it said, the petition did not provide a reason for perpetuation of testimony and did not name the persons Brown intended to depose. On March 27, 2000, the trial judge issued an order denying the Brewer Center’s objection and granting Brown’s petition.
The Brewer Center appealed from the order and moved to stay the discovery pending the outcome of the appeal. The trial court denied the motion.
After the appeal was filed, however, Brown filed a lawsuit based on his son’s disappearance. Thus, we must consider whether the appeal should be dismissed on the basis that Brown no longer needs the pre-action discovery authorized under Rule 27. We conclude that the issues the Brewer Center raised in its appeal are now moot. The filing of the lawsuit has made pre-action discovery unnecessary.
The United States Court of Appeals for the Fifth Circuit, in In re Price, 723 F.2d 1193 (5th Cir.1984), dealt with a situation similar to that presented here. The petitioners in that case had moved to perpetuate the testimony of nine German nationals in reference to several watercolors painted by Adolf Hitler that were in the custody of the United States Department of the Army. The trial court granted the petition and allowed pre-action discovery. The United States appealed, arguing that the trial court had erred in allowing depositions to be taken. At oral argument, however, the parties revealed that an action— the action in anticipation of which the depositions had been taken — had been filed. The Fifth Circuit dismissed the appeal, stating:
“In these circumstances, we see no reason to proceed with this appeal, which events have transmuted into a species of piecemeal appellate litigation whereby we are asked to pass in advance on aspects of the admissibility of evidence — evidence that may or may not be offered at the forthcoming trial and, if offered, may or may not be admitted. We would entertain no separate appeal from such an evidentiary ruling made in the course of a trial; we see no more occasion to do so in the circumstances presented.
“None of the reasons that support appellate review of a Rule 27 order [under the Federal Rules of Civil Procedure], favorable or unfavorable, before the deposition that it authorizes or declines to authorize has been taken and the action for which the deposition is intended has been filed continue to obtain after these events have occurred. Whatever expense and effort were to have been occasioned by the deposition and might have been avoided have already been occasioned. Nor, in these circumstances, need there be fear that testimony will be lost because of an incorrect order unfavorable to deposing a witness. Finally, a tribunal is presently available to entertain a motion to dismiss any action filed without subject-matter jurisdiction, terminating any further unjustified inconvenience to the moving party.”
In re Price, 723 F.2d at 1194-95.
We conclude that the logic stated in In re Price applies in the case here. There *772 fore, we dismiss the appeal as moot. We decline the Brewer Center’s invitation to decide whether the trial court erred in granting Brown’s petition for Rule 27 discovery, an invitation based on an argument that this issue is “capable of repetition, yet evading review.”[1]
APPEAL DISMISSED.
HOOPER, C.J., and COOK, LYONS, and JOHNSTONE, JJ., concur.

. The Brewer Center asserts that it can easily "be faced with other ... Rule 27 petitions requesting pre-filing depositions and may have to draw appeals to each case until the issue is resolved on appeal." The Brewer Center relies on an exception to the mootness doctrine, but the exception it relies on applies only when the following two elements are met: "[T]he challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and there was a reasonable expectation that the same complaining party would be subjected to the same action again.” Charles Alan Wright, Law of Federal Courts § 12 (5th ed.1994); see also City of Los Angeles v. Lyons, 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). We do not believe that the Brewer Center has shown sufficiently why this court should review the pre-action discovery issue even though an action has now been filed.