MURDOCK, Justice.
D.R. Horton, Inc. — Birmingham (“DR Horton”), filed a verified petition in the Baldwin Circuit Court, pursuant to Rule 27(a), Ala. R. Civ. P., requesting preaction discovery from Peter Ferrari; Peter’s wife, Kimberly Ferrari; Ferrari Capital Partners, LLC; FH Properties, LLC; P6 Holdings, LLC; and Prince 5 Holdings, LLC (collectively “the Ferrari defendants”). The trial court granted the petition. The Ferrari defendants have petitioned this Court for a writ of mandamus ordering the trial court to vacate its order and to dismiss DR Horton’s Rule 27(a), Ala. R. Civ. P., petition. Simultaneously, the Ferrari defendants also have appealed the trial court’s order on DR Horton’s petition. We grant the petition and issue the writ, and we dismiss the appeal.

I. Facts and Procedural History

Peter Ferrari was employed by DR Horton as a land-acquisition manager for its Gulf Coast division. His responsibilities included researching and acquiring properties for DR Horton to develop. DR Horton asserts that it gave Ferrari confidential information concerning its business and land-acquisition strategies, including its geographical markets for expansion, and that it empowered Ferrari to arrange land purchases for DR Horton.
DR Horton asserts that it received information that Ferrari had supplied third parties with confidential information from DR Horton without DR Horton’s permission, including DR Horton’s planned land acquisitions, future real-estate developments, markets for expansion, and plans for construction. DR Horton also asserts that it received information that Ferrari had benefited from DR Horton land acquisitions apart from his employment compensation.
Based on the information it had received, on July 9, 2013, DR Horton called *634 Ferrari into a meeting with three DR Horton representatives, including its president for Gulf Coast operations, Scott White-hurst. According to Whitehurst, Ferrari denied making any money “on the side” in DR Horton related transactions, he denied that his wife Kimberly had received any money from third parties, and he denied that the limited-liability companies he and his wife had formed had received any money from DR Horton related transactions or from third parties. DR Horton requested the tax returns of the Ferrari defendants in order to verify his assertions, but Ferrari refused to provide such information. According to Whitehurst, Ferrari admitted that he had given Brad Zeitlin priority on property deals with DR Horton, but Ferrari was not truthful about the scope and number of DR Horton transactions in which Zeitlin had been involved. Ferrari also claimed that he and his wife had formed their limited-liability companies years before the transactions in question; in fact, however, the formation of those entities coincided with the business dealings DR Horton was scrutinizing.
After Ferrari’s meeting with the DR Horton representatives, DR Horton placed Ferrari on administrative leave without pay. DR Horton subsequently contacted third parties that it believed had information concerning Ferrari’s conduct. Brad Zeitlin agreed to meet with DR Horton representatives to discuss real-property transactions involving DR Horton and Ferrari. Zeitlin was interviewed for over seven hours by a DR Horton attorney who questioned him about transactions in which he had participated with DR Horton and Ferrari. The DR Horton attorney told Zeitlin that it had reviewed approximately 90,000 e-mails to or from Ferrari as part of its investigation. According to White-hurst, who was also present during the interview, Zeitlin admitted that he had benefited financially from “tying up” property DR Horton wanted to purchase and then selling it to DR Horton. Whitehurst asserted that Zeitlin admitted that Ferrari had given him priority over other developers, including DR Horton, which allowed Zeitlin to purchase properties that DR Horton wanted.
DR Horton terminated Ferrari’s employment effective July 31, 2013, allegedly because Ferrari had repeatedly violated several policies of DR Horton as to confidentiality and the purchase of properties.
On September 9, 2013, DR Horton filed a petition pursuant to Rule 27(a), Ala. R. Civ. P., in the Baldwin Circuit Court for preaction discovery against the Ferrari defendants.[1] In the petition, DR Horton alleged that Peter Ferrari had supplied confidential information to third parties and that those third parties had benefited financially from DR Horton’s subsequent real-property acquisitions as a result of the confidential business information revealed to them by Ferrari. The petition also alleged that Peter and Kimberly Ferrari “may have received compensation” from the third parties “in exchange for the confidential information Pete Ferrari provided them” and that “the Ferraris may be holding this compensation in their personal bank accounts, in [limited-liability companies] managed or controlled by Pete Ferrari and Kimberly Ferrari, or other unknown entities.” The petition stated that DR Horton sought preaction discovery as to this “possible compensation -to further determine if causes of action exist against [the Ferrari defendants].” The petition stated that DR Horton “believes that multiple causes of action exist against [the Ferrari defendants]” and that
*635 “[t]he allowance of pre-suit discovery from the [Ferrari defendants] may prevent a failure or delay of justice and would benefit all parties by allowing production of relevant and material information, records, and documents, disclosing the identity(ies) of other parties to a potential lawsuit, or preventing a frivolous lawsuit if no claim exists against [the Ferrari defendants].”
Attached to the petition were interrogatories, requests for production of documents, and notices for video depositions of the Ferrari defendants. The document requests sought financial records, including personal bank-account statements, tax returns, and limited-liability-company records.
On October 11, 2013, the Ferrari defen-dahts filed their “Objection to Plaintiffs Verified Petition for Pre-suit Discovery and Motion to Dismiss.” In their filing, the Ferrari defendants contended that DR Horton’s petition was procedurally and substantively deficient under Rule 27(a).
On October 24, 2013, DR Horton filed a motion requesting that the court set a hearing on its petition for preaction discovery. On October 30, 2013, without holding a hearing, the trial court entered an order granting DR Horton’s petition for preaction discovery in all respects. On November 13, 2013, the trial court entered an order expressly denying DR Horton’s motion for a hearing on its Rule 27(a) petition.
On November 14, 2013, the Ferrari defendants filed what they styled as a “Motion for Reconsideration, Motion for Stay, for Protective Order, and Supporting Brief.” The Ferrari defendants argued that the trial court erred in failing to hold a hearing on DR Horton’s Rule 27(a) petition, and they reiterated the defects they believed were present in DR Horton’s petition. On November 22, 2013, DR Horton filed a response in which it contended that Rule 27 does not require a hearing on the merits of a petition.
On March 25, 2014, the trial court held a hearing on the Ferrari defendants’ motions filed November 14, 2013. In the hearing, the parties argued about whether DR Horton’s Rule 27(a) petition demonstrated what was required in order to grant preaction discovery and whether a hearing on DR Horton’s petition was required under the rule. DR Horton’s counsel admitted in the hearing that DR Horton “could theoretically sue [Ferrari] for breach of fiduciary duty now. But, if he was making a profit and essentially taking bribes and kickbacks from this friend, then the causes of action increase exponentially.” He further explained that “[w]hat we want to do is just determine, did he make any money off these transactions or not. That’s in his financial records that we can talk to him about so we can sort out what those financial records say.” He added: “What we’re trying to do is, under Rule 11[, Ala. R. Civ. P.], just assess who are our defendants and what are our claims, and then we’ll bring the action.”
Following further arguments by the parties concerning the propriety of DR Horton’s petition, the Ferrari defendants’ counsel interjected that “there is a timing issue that I would like to address.” Counsel for the Ferrari defendants proceeded to explain that they had filed their “motion for reconsideration on November 14, 2013, and that “the 90th day after we filed our motion would have been February the 12th.... ” Thus, the Ferrari defendants’ counsel believed the motion had been denied by operation of law under Rule 59.1, Ala. R. Civ. P. After hearing more arguments concerning whether the trial court should have held a hearing on DR Horton’s petition, the trial court stated: “Since the Court has failed to rule on the respondents’ Motion to Reconsider Order and *636 Motion for Protective Order, it’s deemed [denied] by rule of law due to the Court’s failure to rule within 90 days. So tomorrow is your last day to appeal.”
On the same day, March 25, 2014, the trial court entered an order granting the Ferrari defendants’ request for a stay
“of all matters currently pending before this court ... and all discovery in this case ... pending conclusion of the appeal that this court understands will be filed on or before tomorrow March 26, 2014, related to this Court’s order granting the Petition for Rule 27 discovery as filed by [DR Horton] in this case.”
On March 26, 2014, the Ferrari defendants simultaneously filed with this Court a petition for a writ of mandamus and an appeal challenging the trial court’s October 30, 2013, order granting DR Horton’s Rule 27 petition for preaction.discovery.
On April 8, 2014, the trial court entered an order confirming its understanding that the Ferrari defendants’ “motion for reconsideration” had been denied “by operation of law due to the passage of more than ninety (90) days without a ruling as set forth in Rule 59.1 of the Alabama Rules of Civil Procedure.” Nothing submitted to us indicates that the trial court expressly ruled upon the Ferrari defendants’ motion for a protective order.

II. Appeal or Mandamus

The threshold issue for determination is whether the issues raised by the Ferrari defendants are properly before this Court by way of their petition for a writ of mandamus or their appeal. The Ferrari defendants purport to invoke both avenues of review in the alternative.
The precursor to Rule 27 was a set of statutory provisions found at Title 7, §§ 491-505, Ala.Code 1940.[2] Noting that “[t]he remedy by appeal ‘was entirely unknown to the common law’ ” and that, “[consequently, the remedy by appeal in actions at law and in equity ... exists only when given by some constitutional or statutory provision,” this Court in American Life Insurance Co. v. Powell, 259 Ala. 70, 76, 65 So.2d 516, 522 (1953), was clear to the conclusion that disputes under Title 7, §§ 491-505, were renewable only by mandamus:
“[T]he resolvement of two questions presented will effectively dispose of this appeal.
“The first question, a procedural one, calls for determination of the proper method of reviewing orders granting applications to perpetuate testimony under Title 7, Section 491 et seq., as amended, supra. 'Our conclusion is that such orders are not appealable, and that mandamus is a proper remedy.”
259 Ala. at 72, 65 So.2d at 518.
Consistent with this Court’s holding in Powell, we expressly held in Ex parte Renovations Unlimited, LLC, 59 So.3d 679, 683 (Ala.2010), that “review of a trial court’s grant or denial of a verified petition seeking preaction discovery pursuant to Rule 27 is by a petition for a writ of mandamus.” Indeed, since the holding of this Court in Powell, and fully consistent with this Court’s express holding in Renovations Unlimited, this Court and the Court of Civil Appeals typically have reviewed dispositions of Rule 27 petitions by way of mandamus petitions. See, e.g., Ex parte Psychemedics Corp., 987 So.2d 585 (Ala.2007); Vesta Fire Ins. Corp. v. Liberty Nat’l Life Ins. Co., 893 So.2d 395, 411 (Ala.Civ.App.2003) (addressing a petition for discovery pending appeal under Rule 27(b) and treating an appeal as a petition *637 for a writ of mandamus); Ex parte Norfolk Southern Ry., 816 So.2d 469 (Ala.2001); Ex parte Alabama Dep’t of Transp., 757 So.2d 371 (Ala. 1999); and Ex parte Anderson, 644 So.2d 961 (Ala.1994).[3]
“ ‘An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties.’ ” Hamilton ex rel. Slate-Hamilton v. Connally, 959 So.2d 640, 642 (Ala.2006) (quoting Palughi v. Dow, 659 So.2d 112, 113 (Ala.1995)). In contrast, an interlocutory judgment is “[a]n intermediate judgment that determines a preliminary or subordinate point or plea but does not finally decide the case.” Black’s Law Dictionary 971 (10th ed.2014).
A ruling on a request for preaction discovery under Rule 27(a) merely adjudicates a party’s right to engage in certain discovery procedures and is quintessentially interlocutory in nature. Such a ruling does not adjudicate any substantive claim or right of any party. Instead, a ruling on a Rule 27(a) petition is made in contemplation of and in service to a potential future adjudication. Just as a postcomplaint discovery request under Rule 26, Ala. R. Civ. P., furthers the adjudication of a complaint, and the issues that have been or will be raised thereunder, so too does a precomplaint discovery request under Rule 27(a). The difference between the two is one of timing, not the nature of what is sought.
We acknowledge that federal appellate courts review dispositions of preaction-dis-covery petitions by way of appeal. See, e.g., Ash v. Cort, 512 F.2d 909, 912 (3d Cir.1975) (finding that “[t]he Rule 27(a) order is deemed final because it is the only matter pending in the district court at a time when no complaint has yet been filed”); Mosseller v. United States, 158 F.2d 380, 383 (2d Cir.1946) (concluding that an “order authorizing the taking of the deposition is a final order for the purpose' of appealability, because it grants all the relief sought in the petition and disposes of the proceeding”). Some states have followed the federal example in this regard. See, e.g., Gernstein v. Lake, 259 Neb. 479, 484, 610 N.W.2d 714, 718 (2000) (concluding that “the order granting the Gernsteins’ petition to perpetuate testimony under rule 27 is a final, appealable order”); Powers v. Planned Parenthood of Northern New England, 677 A.2d 534, 536 (Me.1996) (citing Mosseller and other federal cases in support of the conclusion that orders on preaction-discovery petitions are appealable); and Bainum v. Mackay, 15 Utah 2d 295, 296, 391 P.2d 436, 436 (1964) (holding that “[t]his type of judgment is appealable” and citing Mosseller).
As noted, however, whenever this Court has affirmatively addressed the issue, we have been consistent and clear in holding that the proper method of review is a petition for a writ of mandamus. Moreover, other states have taken the position that orders on preaction-discovery petitions are not subject to appeal. In reaching this conclusion, an Illinois appellate court explained:
*638 “Thus, rather than constituting a separate and independent action, a Rule 217 [Illinois’s version of Rule 27] proceeding is dependent upon the proposed suit and must be viewed as part of that action. Since a Rule 217 petition seeks no relief other than to take a deposition for use in a contemplated action, an order entered in the course of the deposition is interlocutory and is subject to review only upon appeal from final judgment in the underlying cause.”
Frye v. Massie, 115 Ill.App.3d 48, 58, 450 N.E.2d 411, 414-15, 70 Ill.Dec. 938, 941-42 (1983). Likewise, the Supreme Court of Nevada rebuffed an appellant’s argument that a ruling on a preaction-discovery request “constitutes a final judgment because it disposes of the issues presented,” explaining:
“Although entitled a ‘petition,’ a pleading filed pursuant to NRCP 27 does not commence a separate action in the district court; instead, the sole purpose of the petition is to perpetuate testimony when no action may presently be commenced. Further, an order resolving a petition to perpetuate testimony provides no relief to a party other than to permit or deny discovery to the party for use in a contemplated action.... An order granting or denying a petition to perpetuate testimony is interlocutory in nature and does not adjudicate the rights of any party.”
Sunrise Hosp. v. Dailey, 109 Nev. 950, 951, 860 P.2d 162, 162-63 (1993). We consider such reasoning to be sound and to align with this Court’s frequently expressed understanding of what constitutes a final, appealable judgment.
Accordingly, we conclude that the proper avenue for seeking review of a trial court’s disposition of a Rule 27(a) petition for preaction discovery is by way of petition for a writ of mandamus, not by way of appeal. The Ferrari defendants’ appeal of this matter is therefore dismissed.
Possibly because of confusion over the proper avenue for seeking appellate review of this matter, neither party has raised the issue of the timeliness of the Ferrari defendants’ petition for a writ of mandamus. This Court has stated that
“a petition challenging an order compelling discovery is timely only if (1) a protective order is sought, pursuant to Ala. R. Civ. P. 26(c), within the time set for compliance with the order, Ex parte Orkin, Inc., 960 So.2d 635, 640 n. 5 (Ala.2006) (citing with approval Wang v. Hsu, 919 F.2d 130, 131 (10th Cir.1990)), and (2) the mandamus petition is filed no more than 42 days after the denial of the protective order. 960 So.2d at 640.”
Ex parte Meadowbrook Ins. Grp., Die., 987 So.2d 540, 546 (Ala.2007).
When the Ferrari defendants filed their “motion for reconsideration” on November 14, 2013, they also requested a stay of all proceedings and the issuance of a protective order. The trial court expressly granted the Ferrari defendants’ motion for a stay of proceedings during this Court’s review of the trial court’s disposition of DR Horton’s Rule 27(a) petition, but it did not expressly rule on the motion for a protective order. On April 8, 2014, the trial court belatedly ruled on the Ferrari defendants’ “motion for reconsideration,” finding that it had been denied by operation of law on February 12, 2014. Of course, because the trial court’s order granting preaction discovery was not a final order, the Ferrari defendants’ “motion for reconsideration” was not a postjudgment motion under Rule 59, Ala. R. Civ. P., and, therefore, it was not denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P.. Be that as it may, the trial court implicitly denied the Ferrari defendants’ motion for a protective order when it denied their “motion for reconsideration.” Regardless *639 of whether the motion for a protective order was denied on February 12, 2014, or on April 8, 2014, the Ferrari defendants’ petition to this Court was timely filed within 42 days of the denial of the order.

III. Analysis

“ ‘ “A writ of mandamus is an extraordinary remedy that requires a' showing of (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.” ’
“Ex parte Bruner, 749 So.2d 437, 439 (Ala.1999) (quoting Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998)).”
Ex parte Norfolk Southern Ry., 816 So.2d at 471.
A. Necessity of a Hearing
The Ferrari defendants first contend that the trial court erred in granting DR Horton’s Rule 27(a) petition because, they say, Rule 27 requires a trial court to hold a hearing on a preaction-discovery petition before it rules on the petition and that the trial court did not do so. The Ferrari defendants note that Rule 27(a)(2) states that after a petitioner files its petition with the circuit court,
“[t]he petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition. At least thirty (SO) days before the date of hearing the notice shall be served in the manner provided in Rule 4(c) for service of summons.... ”
Rule 27(a)(2), Ala. R. Civ. P. (emphasis added). The Ferrari defendants also observe that, in nearly every case in which this Court has reviewed a Rule 27(a) petition, the Court has noted that the trial court held a hearing on the petition. See, e.g., Ex parte Renovations Unlimited, LLC, 59 So.3d at 682; City of Mobile v. Howard, 59 So.3d 41, 43 (Ala.2010); Ex parte Norfolk Southern Ry., 816 So.2d at 471; and Ex parte Anderson, 644 So.2d at 962. Likewise, federal courts interpret Rule 27, Fed.R.Civ.P. (“Federal Rule 27”), as requiring a hearing on a preaction-discovery petition.[4] See, e.g., Petition of Delta Quarries & Disposal, Inc., 139 F.R.D. 68, 68 (M.D.Pa.1991) (stating that, “as required by the rule, a hearing was scheduled to determine whether the ‘perpetuation of the testimony may prevent a failure or delay of justice.’ Fed.R.Civ.P. 27(a)(3)”). Lastly, the Ferrari defendants note that on October 24, 2013, DR Horton itself filed a motion to set a hearing on its Rule 27(a) petition.
For its part, DR Horton argues that “[t]he rule does not say that there must be a hearing.” It contends that the parties were able to present all of their arguments in written form to the trial court. DR Horton observes that, even though several cases from this Court reviewing preaction-discovery petitions recount that the trial courts in those cases held hearings on the petitions, none of our cases expressly state that Rule 27 requires that a hearing be held. It highlights two opinions from this Court, Ex parte Psychemedics Corp., 987 So.2d at 587, and Albert P. Brewer Developmental Ctr. v. Brown, 782 So.2d 770, 771 (Ala.2000), in which the Court did not state that a hearing was held by the trial courts that entertained the Rule 27(a) petitions.[5] *640 DR Horton discounts Federal Rule 27 by pointing to the fact that this Court observed in Ex parte Anderson that there were differences between Alabama’s Rule 27 and its federal counterpart. 644 So.2d at 964. DR Horton insists that it filed a motion to set a hearing on its petition “out of an abundance of caution,” not because the rule requires such a hearing. Finally, DR Horton contends. that even if Rule 27(a) does require a hearing, the Ferrari defendants received one on March 25, 2014, when the trial court heard arguments on the Ferrari defendants’ “motion for reconsideration.”
A plain reading of Rule 27(a)(2) indicates that a hearing must be held on a petition for preaction discovery. The time for filing the notice that a petitioner must provide to persons named in a petition is predicated on a contemplated hearing date, and the notice itself is supposed to include the date for the hearing. Although it is true that the Anderson Court observed that Alabama’s Rule 27 is different in certain respects from Federal Rule 27, the Anderson Court was not referring to the requirement that a hearing bé held on a petition for preaction discovery when it made that observation. The references to a hearing in subsection (a) of both Federal Rule 27 and the Alabama rule are very similar and therefore the practice in federal courts is helpful to our interpretation of Rule 27(a) as to whether a hearing is required. The fact that our previous cases have not stated that a hearing is required simply reflects the fact that the issue has not been directly raised; it is telling that a hearing has been held regarding almost all, if not all, preaction-discovery petitions this Court has reviewed before this one.
The March 25, 2014, hearing on the Ferrari defendants’ “motion for reconsideration” was not a substantive substitute for a hearing on DR Horton’s preaction-discovery petition. Although in that hearing the trial court’heard arguments about the merits of the petition,1 the trial court concluded the hearing soon after it was brought to the court’s attention that the Ferrari defendants believed that the “motion for reconsideration” already had been denied by operation of law. It is clear that the trial court did not evaluate in the March 25, 2014, hearing the merits of the parties’ arguments as to whether DR Horton was entitled to preaction discovery.[6] Instead, the trial court simply ruled that the “motion for reconsideration” had already been denied.
We conclude that the trial court erred in failing to hold a hearing on DR Horton’s Rule 27(a) petition before granting the petition. Although this conclusion is sufficient to warrant a vacatur of the trial court’s order and an order from this Court requiring .the trial court to conduct such a hearing, we note that the Ferrari defendants have raised other possible errors in the trial court’s ruling that, for the sake of judicial economy, necessitate further review by this Court.
B. The Unavailability of Written Interrogatories
The Ferrari defendants argue that the trial court erred in allowing DR Hor *641 ton to serve written interrogatories on the Ferrari defendants because, they say, Rule 27(a) does not appear to contemplate that such discovery is available in preaction discovery. DR Horton does not respond to this argument.
As noted above, Rule 27(a)(1) states, in part:
“A person who desires to perpetuate that person’s own testimony or that of another person or to obtain discovery under Rule 3⅛ or Rule 35 regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county • of the residence of any expected adverse party.”
(Emphasis added.) Likewise, Rule 27(a)(3) states, in part:
“If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written questions; or shall make an order designating or describing the persons from whom discovery may be sought under Rule 3⅛ and specifying the objects of such discovery; or shall make an order for a physical or mental examination as provided in Rule 35(a). The discovery may then be taken in accordance with these rules.”
(Emphasis added.) Rule 27(a) contemplates discovery that includes deposition testimony; discovery under Rule 34, which includes the production of documents (as well as the examination of real property and other tangible things);[7] ■ and discovery under Rule 35, which pertains to mental and physical examinations.[8] Rule 27(a) does not mention the availability of discovery by written interrogatories or Rule 33, Ala. R. Civ. P., which concerns discovery by way of written interrogatories. The trial court therefore erred in ordering the Ferrari defendants to respond to the written interrogatories.
*642 C. The Perpetuation of Evidence under Rule 27
1. The Perpetuation of Testimony
Next, the Ferrari defendants contend that the trial court erred by ordering them to submit to depositions and to produce documents that were not sought by DR Horton for the overarching purpose stated in Rule 27(a) of preserving evidence to prevent a failure or delay of justice. With respect to the issue of deposition testimony, we note that Rule 27(a)(1) provides, in pertinent part:
“A person who desires to perpetuate that person’s own testimony or that of another person or to obtain discovery under Rule 34 or Rule 35 regarding any matter that may be cognizable in any court of this state may file a verified petition.... The petition shall be entitled in the name of the petitioner and shall show: (1) that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought, ... (3) the facts which the petitioner desires to establish by the proposed testimony and the petitioner’s reasons for desiring to perpetuate it, ... and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony or to seek discovery under Rule 34 or Rule 35 from the persons named in the petition.”
(Emphasis added.) Similarly, Rule 27(a)(3) provides, in part:
“If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written questions.... ”
(Emphasis added.) Thus, Rule 27(a) repeatedly frames the authority granted therein in the context of preservation, or “perpetuation.”
DR Horton did not offer in its petition, and it does not attempt to offer in response to the Ferrari defendants’ mandamus petition, any reason it needs to perpetuate the testimony of the Ferrari defendants. Instead, DR Horton openly stated in its Rule 27(a) petition and at the March 25, 2014, hearing that it sought preaction discovery to determine what other causes of action it may have against the Ferrari defendants besides breach of fiduciary duty against Peter Ferrari. DR Horton cites Ex parte Anderson for its right to such preaction discovery.
Anderson itself stated, however, that only preaction discovery under Rules 34 and 35, and not deposition testimony, may be compelled for reasons other than perpetuation of evidence. 644 So.2d at 962-63. DR Horton did not allege in its Rule 27(a) petition, nor does it argue in its response to the Ferrari defendants’ petition for a writ of mandamus, that the deposition testimony it seeks is in danger of being lost. This is not surprising because DR Horton does not seek deposition testimony for the purpose of perpetuating evidence. Therefore, the trial court erred in ordering the Ferrari defendants to submit to depositions absent a showing by DR Horton that it has a need to preserve their testimony.
2. The Perpetuation of Evidence Pursuant to Rule Sj
The Ferrari defendants expressly ask this Court to overrule Ex parte Anderson to the extent that it held that preaction discovery under Rules 34 and 35 may be sought for reasons other than the preservation or “perpetuation” of evidence. *643 Among other things, the Ferrari defendants point to Rule 27(a)(3), which, they contend, expressly conditions the availability of discovery under Rule 34 and 35 as follows:
“If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall ... make an order designating or describing the persons from whom discovery may be sought under Rule 8k and specifying the objects of such discovery; or shall make an order for a physical or mental examination as provided in Rule 35(a).”
(Emphasis added.) The Ferrari defendants also note that the reading of Rule 27(a) in Anderson is contrary to the Committee Comments to that rule: “[TJhis rule has been modified [from the federal rule] to allow limited discovery under Rules 3k and 35 for the purpose of perpetuating evidence pursuant to those rules.” (Emphasis added.)

(a) The Statutory Precursor to Rule 27

Over the last 160 years, there has been very little decisional law interpreting or applying Rule 27(a), Ala. R. Civ. P., and the statutes that preceded its adoption in 1973. Commenting on those precursor statutes, this Court observed in 1953:
“During a period of almost one hundred years, as we have heretofore shown, most of the provisions codified as §§ 491-505, Title 7, Code 1940, were part of the statutory law of this state and were resorted to so infrequently that only three cases, according to our research, reached this court wherein they were directly involved. Consequently, there is very little decisional law on the subject.”
Ex parte Joiner, 258 Ala. 466, 469, 64 So.2d 48, 50 (1953). Since 1953, there have been only a handful of additional decisions interpreting Rule 27 or its statutory precursors, one of which, of course, was Anderson.
Insight into the statutes that were the precursors of Rule 27 was provided by this Court in American Life Insurance Co. v. Powell, 259 Ala. at 72, 65 So.2d at 518, a case decided on the same day as Joiner:
“The second question [before us] involves the sufficiency of the affidavits made pursuant to Section 492, Title 7. Specifically, we must decide what is intended by the requirement of Section 492 that ‘The applicant must make affidavit before a circuit or probate judge, or register stating ... the facts generally expected to be proved by the witness.’ ... Our view is that the affidavits do not meet the requirements of Section 492; that the applications clearly show that the purpose of each is discovery, which is not within the purview of the statutes, supra, authorizing the perpetuation of testimony; and • that the judge of the circuit court erred in granting the applications.”
(Emphasis omitted; emphasis added.)

(b) The Text of Rule 27 and the Committee Comments

Rule 27 was adopted in 1973; its text has not changed substantively since that time. At this juncture, it is helpful to set out the text of Rules 27(a)(1) and (3) in their entirety:
“(1) Petition. A person who desires to perpetuate his own testimony or that of another person or to obtain discovery under Rule 3k or 35 regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: (1) that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought, (2) the subject matter of the expected action *644 and his interest therein, (3) the facts which the petitioner desires to establish by the proposed testimony and the petitioner’s reasons for desiring to perpetuate it, (4) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and (5) the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony or to seek discovery under Rule 34 or 35 from the persons named in the petition.
[[Image here]]
“(3) Order And Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written questions; or shall make an order designating or describing the persons from whom discovery may be sought under Rule 31 and specifying the objects of such discovery; or shall make an order for a physical or mental examination as provided in Rule 35(a). The discovery may then be taken in accordance with these rules. For the purpose of applying these rules to discovery before action, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such discovery was filed.”
(Emphasis added.)
The original Committee Comments, as adopted by this Court along with Rule 27 itself in 1973, read as follows:
“This rule is virtually identical with the corresponding federal rule. Certain ‘awkward form’ has been eliminated. See Vermont Rule 27, 8 Wright & Miller, Federal Practice and Procedure, Civil, § 2074 (1970).[9] The only change in substance is extending the time for notice in Rule 27(a)(2) from 20 to 30 days.
“This rule supersedes Code of Ala., Tit. 7, §§ 491-505. The rule is similar to the statute — compare Rule 27(a)(1) 1 with Code of Ala., Tit. 7, § 492- — in requiring the petition to state the facts which the petitioner desires to establish by the proposed testimony. The statute had been interpreted as requiring ‘a narrative of the testimony to be given by the witness.’ American Life Ins. Co. v. Powell, 259 Ala. 70, 78, 65 So.[2d] 516 (1953). The rule is intended to be somewhat more liberal and to permit the facts to be stated in a brief, generalized form, as distinguished from a particularized and detailed statement of the proposed testimony. But the difference is one of degree only, since all agree that the purpose of the rule, like that of the statute it will supersede, is to perpetuate testimony rather than to make discovery. See Wright & Miller, Federal *645 Practice and Procedure, Civil. § 2071 (1970).[10]™”
(Emphasis added.)
Beginning in 1986, the committee that drafted Rule 27 and the original Committee Comments to that rule met and considered the issue whether Rule 27 allowed preaction discovery other than for the purpose of preserving evidence. Former Justice Lyons explains the intent of the rule and the result of those meetings in his treatise, Alabama Rules of Civil Procedure Annotated:
“When this rule was promulgated it was viewed by the advisory committee as a device for amassing of evidence prior to the institution of an action or pending appeal but, it was not, in the recollection of the author, considered as a vehicle for discovery before commencement of an action in order to determine whether a cause of action exists.
“During a series of committee meetings covering a span of approximately one year and commencing in 1986, the committee considered the issue of whether Ala. R. Civ. P. Rule 27 allowed pre-action discovery independent of the need to perpetuate evidence. At its meeting on April 24, 1987, the Committee concluded that ‘it was the consensus of the committee that Rule 27 of the Alabama Rules of Civil Procedure does not authorize discovery in advance of the filing of an action except under very limited circumstances.’ Minutes of the Advisory Committee, April 27, 1986. The committee then approved the submission to the Supreme Court of revised comments including what now appears as the final paragraph of the Committee Comments. The final paragraph concludes that the reference to discovery under Rules Si and 85 is for the purpose of perpetuating evidence. The Supreme Court approved and adopted this revision to the comments by order entered on April 5, 1988.”
1 Champ Lyons, Jr., and Ally Windsor Howell, Alabama Rules of Civil Procedure Annotated 27.1 (4th ed.2004).
The revision to the Committee Comments that resulted from the committee’s work and that was adopted by the Supreme Court in 1988 includes the following:
“As is true of the corresponding federal rule, the primary purpose of Rule 27, like that of the state statutes it superseded, is to perpetuate testimony rather than to make discovery.
“See 8 C. Wright & A. Miller, Federal Practice and Procedure, Civil § 2071 (1970).
“However, this rule has been modified to allow limited discovery under Rules Si and 85 for the purpose of perpetuat *646 ing evidence pursuant to those rules. This rule permits production and inspection under Rule 34 and physical or mental examination under Rule 35, whether or not testimony is perpetuated. See Vermont Rule 27; 8 C. Wright & A. Miller, Federal Practice and Procedure, Civil § 2074 (1970).”
(Emphasis added.)

(c) Anderson

The Court in Anderson held that preaction discovery under Rule 34 may be granted for reasons other than perpetuation of evidence.[11] The Anderson Court stated: “Rule 27, on its face and stripped of its historical background, does not restrict discovery under Rule 34 to cases where evidence is in danger of being lost or destroyed.” 644 So.2d at 962. The Anderson Court further concluded that Rule 27 “specifically authorizes ‘discovery under Rule 34,’ without limiting the use of Rule 34 to that of perpetuating evidence.” 644 So.2d at 964. In what is perhaps the most cited passage from the Anderson opinion, the Court stated:
“Although Alabama Rule 27 does not give a potential plaintiff ‘carte blanche’ to ‘fish’ for a ground for filing an action, it nonetheless provides for preaction ‘discovery under Rule 34,’ regardless of any need to perpetuate evidence, provided that the requirements of the rule are met and that the trial court is satisfied that such discovery might serve to prevent a failure or delay of justice.”
644 So.2d at 964.
The Anderson Court also addressed the matter of the Committee Comments, explaining:
“Although the purpose of the Committee Comments is to explain and clarify the Rules of Civil Procedure, the Committee Comments to Rule 27 actually raise more questions than they answer. For instance, the comments state that Rule 27 is patterned after Federal Rule 27 and Vermont Rule 27 and that the rule’s ‘primary’ purpose is to perpetuate testimony. This statement with respect to the rule’s ‘primary’ purpose probably resulted from the fact that the statutes that the rule superseded focused exclusively on perpetuating testimony. However, although the commentators acknowledged in the third paragraph [of the Committee Comments as amended in 1988[12]] that the rule had been changed so as to allow limited preaction discovery under Rule 34, they stated, nonetheless, and with no supporting language from the rule itself, that that discovery was limited to perpetuating evidence.- While we are fully aware of the statement of purpose contained in the comments to Rule 27, we cannot give precedence to that statement over the otherwise clear language contained in the rule. Simply put, Rule 27 speaks for itself.”
644 So.2d at 963 (emphasis added). Thus, the Anderson Court held that “clear language” in Rule 27(a) overrode the conflicting explanation of the rule in the Committee Comments and dictated that preaction discovery of documents under Rule 34, and, by implication, physical and mental examinations under Rule 35, could be sought by a prospective plaintiff for the purpose of facilitating the discernment and evaluation of potential claims rather than for only the perpetuation of evidence.
*647 Since Anderson was decided in 1994, there have been only five occasions in which this Court has reviewed trial court rulings on Rule 27(a) petitions that sought preaction discovery for reasons other than perpetuation of evidence. In none of those cases was the question raised as to whether Anderson correctly interpreted Rule 27(a) in this regard. In 2007, for example, this Court applied Anderson’s holding in Ex parte Psychemedics Corp., 987 So.2d 585 (Ala.2007), but specifically observed that “Psychemedics’s mandamus petition does not ask this Court to revisit its decision in Ex parte Anderson.” 987 So.2d at 588.[13]
(d) Anderson Revisited
Today, as noted, we have been asked to revisit Anderson. Upon reexamination of the text of Rule 27 itself, the Committee Comments thereto, and the history of both the rule and the Committee Comments, we respectfully must reject the notion that “clear language” in Rule 27(a) dictates that discovery under Rule 34 (and of necessity Rule 35, which in all instances in Rule 27 is referenced in companionship with Rule 34) may be obtained for reasons other than perpetuation of evidence.
As noted, Rule 27(a)(1) begins as follows:
“A person who desires to perpetuate that person’s own testimony or that of another person or to obtain discovery under Rule 34. or'Rule 35 regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party.”
(Emphasis added.) Admittedly, this language, at least considered in isolation, could be interpreted as meaning that. a person seeking testimony under Rule 27(a) may do so only if he or she “desires to perpetuate that person’s own testimony or that of another person” but that a Rule 27(a) petitioner seeking discovery under Rule 34 or Rule 35 may do so free of this condition. The language does not require such a reading, however, especially in light of its history, the Committee Comments adopted by. this Court, and the text of Rule 27 taken as a whole. Indeed, these factors and others compel us to conclude that the language is due a different construction.
*648 First, the structure of the sentence — the use of two separate infinitive phrases separately referencing deposition testimony and discovery under Rules 34 and 35 — can be explained rather simply (especially in light of the language of Rule 27(a)(3) discussed below) as an inartful attempt to address an issue that at one time plagued Federal Rule 27, i.e., whether a petitioner may obtain preaction discovery under Rules 34 and 35 only in conjunction with the taking of deposition testimony. See Martin v. Reynolds Metals Corp., 297 F.2d 49, 56 (9th Cir.1961). In point of fact, this is exactly what the 1988 revision to the Committee Comments to Rule 27 explicitly point to as the import of this particular language:
“[T]his rule has been modified to allow limited discovery under Rules 84 and 85 for the purpose of perpetuating evidence pursuant to those rules. This rule permits production and inspection under Rule 34 and physical or mental examination under Rule 35, whether or not testimony is perpetuated. See Vermont Rule 27; 8 C. Wright & A. Miller, Federal Practice and Procedure, Civil § 2074 (1970).”
(Emphasis added.) To like effect are the Reporter’s Notes to Rule 27, Vermont R. Civ. P., a rule cited in the foregoing passage from the Committee Comments and which both the Committee Comments and the Anderson Court agree was a model for Alabama’s rule:
“This rule is based on Federal Rule 27, as modified to fit requirements of state practice. The procedure under it is the equivalent of that under 12 V.S.A. §§ 1281-1286 (now superseded), with the principal difference that the rule also permits production and inspection under Rule 34- and physical or mental examination under Rule 85, whether or not a deposition is taken. In this respect the rule clarifies an ambiguity in the federal rule. See 8 Wright & Miller, Federal Practice and Procedure § 2074 (1970).”
(Emphasis added.)[14]
Furthermore, we find it particularly difficult to avoid the clear language in the *649 Committee Comments, as discussed by Justice Lyons and quoted and emphasized in Section III.C.2.(b), above. Again, the 1988 revised Committee Comments result-' ed from meetings specifically hpld for the purpose of explaining the original, intended meaning of the very language of the rule at issue here. The result was language explicitly stating that Rule 27 was drafted “to allow limited discovery under Rules 34 and 35 for the purpose of perpetuating evidence pursuant to those rules.” And, of course, this Court adopted these revised Committee Comments.
In addition to the history of the rule and the express guidance provided by the same committee that originally drafted it, Rule 27 must be read as an integrated whole. In particular, the provisions of Rule 27(a)(1) must be read in pari materia with those of Rule 27(a)(3). See, e.g., Ex parte Jackson, 614 So.2d 405, 406 (Ala.1993) (observing that “[s]ubsections of a statute are in pari materia and ‘should be construed together to ascertain the meaning and intent of each’ ” (quoting McCausland v. Tide-Mayflower Moving & Storage, 499 So.2d 1378, 1382 (Ala.1986))).
The pertinent portion of Rule 27(a)(3) reads as follows:
“If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written questions; or shall make an order designating or describing the persons from whom discovery may be sought under Rule 34 and specifying the objects of such discovery; or shall make an order for a physical or mental examination as provided in Rule 35(a).”
(Emphasis added.) Whatever else Rule 27(a)(3) may require, it is clear that it begins by expressly conditioning discovery, including discovery under Rules 34 and 35, on “the court [’s being] satisfied that the perpetuation of the testimony may prevent a failure or delay of justice.” See Driskill v. Culliver, 797 So.2d 495, 497 (Ala.Civ.App.2001) (stating that “[t]he trial court’s duty was to determine if discovery of the requested information might ‘prevent a failure or delay of justice’ ” in an action by an inmate seeking preaction discovery of documents). Thus, the language of Rule 27(a) does not “clearly” provide for discovery under Rules 34 and 35 for reasons other than the perpetuation of evidence. To the contrary, the only construction of that rule that is consistent with its history, with the Committee Comments adopted by this Court, and with an in pari materia reading of the language in subsections (a)(1) and (a)(3) of the rule is that Rule 27 was intended merely to make discovery of documents and mental and physical examinations available under the same circumstances or conditions under which it makes deposition testimony available. To the extent there is any language in Rule 27(a)(1) that confuses the issue, that language represents nothing more than an attempt to express the idea that documents and examinations can be procured without also taking a deposition.

(e) Yet Further Considerations

To the foregoing can be added several other considerations that are by no means necessary for the conclusion reached above, but that do add even more support for it. First, 'we see no reason to believe that the drafters of Rule 27 would have intended to provide for more liberal access to preaction physical and even mental examinations (given the consistent coupling of references to Rules 34 and 35 throughout Rule 27) than to the perpetuation of deposition testimony.
Second, as noted, former Justice Lyons in his treatise, Alabama Rules of Civil *650 Procedure Annotated, provides an unequivocal and clear explication of the intent of Rule 27 itself and of the 1988 revision to the Committee Comments explaining that rule. See Section III.C.2.(b), supra. To that explication may be added the following statement by Justice Lyons, who was not a member of the Court when Anderson was decided:
“I do not wish to be understood to embrace the holding of Ex parte Anderson, 644 So.2d 961, 965 (Ala.1994). Rule 27 does not provide a vehicle for pre-action discovery to determine whether a cause of action exists. Instead, as the Committee Comments to Rule 27 state, that rule allows only pre-action discovery ‘under Rules 34 and 35 for the purpose of perpetuating evidence pursuant to those rules.’ (Emphasis added.)”
Stoor v. Turner, 727 So.2d 38, 40 (Ala. 1998) (Lyons, J., concurring in part and dissenting in part as to the rationale and concurring in the result).
As already noted, aside from Vermont’s comparable rule, the other model for Alabama’s Rule 27 was Federal Rule 27. It is clear from federal authorities that “Rule 27 is intended only for the perpetuation of testimony or other evidence.” 8A Charles Alan Wright et al., Federal Practice & Procedure § 2071 (2010).[15]
Several states have adopted Federal Rule 27 verbatim, along with the view that Rule 27 exists only for perpetuation of testimony and evidence.[16] In other states, the language of preaction-discovery rules differs from Federal Rule 27, but those states likewise interpret their rules as not sanctioning any broader confirmatory or investigatory uses of preaction discovery.[17] *651 The language of New York’s rule allows for broader discovery, see N.Y. Civil Practice Law and Rules 3102(c), but even the New York courts have limited that state’s rule so that the rule cannot be used by a party to determine if the party has a cause of action. In short, the federal courts and the overwhelming majority of states do not permit preaction discovery for purposes other than the perpetuation of evidence. In point of fact, we have found no jurisdiction, federal or state, with a rule similar to Alabama’s Rule 27 that has construed it to permit preaction discovery to investigate or to confirm the presence of a cause of action.
Only two states besides Alabama permit broad preaction discovery not conditioned on the need to perpetuate evidence: Pennsylvania and Texas.[18] We have found no state where it has been determined that a person may conduct preaction discovery merely to assess or to confirm the availability of a cause of action without express language to this effect in the applicable rule or statute. The difference between Alabama and the two states — Pennsylvania and Texas — where this is permitted is the fact that, as one law review article explains, “[t]he Alabama rule does not authorize presuit discovery for investigatory purposes on its face.” Lonny Sheinkopf Hoffman, Access to Information, Access to Justice: The Role of Presuit Investigatory Discovery, 40 U. Mich. J.L. Reform 217, 240 (2007) (emphasis added).[19]
Previous to Anderson, preaction discovery in Alabama concerned testimony or evidence that was in danger of being lost or destroyed. The bright line that existed between preaction discovery and postcomplaint discovery served to prevent intrusive investigations before allegations had been filed against a party. In erasing this line, the Anderson Court contended that its interpretation of Rule 27 was
“consistent with the underlying purpose of both Rule 11, Ala. R. Civ. P., and the *652 Alabama Litigation Accountability Act, Ala.Code 1975, § 12-19-270 et seq., in that Rule 27 provides a limited means by which potential plaintiffs (and their attorneys), within the discretion of the trial court, can examine evidence before actually deciding whether they have a reasonable basis for filing an action.”
644 So.2d at 965. Upon further reflection, we see nothing in Rule 11 or the Alabama Litigation Accountability Act that compels a reading of Rule 27 that is contrary to the language of the rule, to the explicit Committee Comments, to the history of both the rule and its Committee Comments, and to the other considerations reviewed above, including' the uniformly accepted approach in other jurisdictions to language like that at issue here.[20] Before Anderson, plaintiffs were able to discern whether they had causes of action against other parties without using preaction discovery. The same was true of plaintiffs in the 19 years between the adoption of Rules 11 and 27 in 1973 and the release of the Anderson decision in 1994 and, for all that appears, continues to be true. Moreover, one of the reasons “[t]his Court has held that amendments [to complaints] are to be freely allowed,” Alabama Farm Bureau Mut. Cas. Ins. Co. v. Guthrie, 338 So.2d 1276, 1279 (Ala.1976), is to allow litigants a full and fair 'opportunity to obtain an adjudication of their rights. See also Atlas Coal Co. v. O’Rear, 161 Ala. 591, 593, 50 So. 63, 64 (1909).

Conclusion

Based on the foregoing, we overrule Ex parte Anderson’s holding that Rule 27, Ala. R. Civ. P., does not limit preaction discovery under Rule 34 to perpetuating evidence. Given that DR Horton expressly sought preaction discovery not for the purpose of perpetuating evidence, but for the purpose of evaluating its claims against the Ferrari defendants, we grant the Ferrari defendants’ petition for a writ of mandamus, and we instruct the trial court to dismiss DR Horton’s petition for preaction discovery.
1130679 — PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, MAIN, and WISE, JJ., concur.
BRYAN, J., concurs in the result.
MOORE, C.J., and SHAW, J., dissent.
1130726 — APPEAL DISMISSED.
STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.
BRYAN, J., concurs in the result.
MOORE, C.J., dissents.

. Rule 27(a), Ala. R. Civ. P., concerns discovery before an action is filed; Rule 27(b), Ala. R. Civ. P., concerns discovery filed while an action is pending on appeal.

. Predecessors to these statutes date back to 1852. See Ex parte Joiner, 258 Ala. 466, 468, 64 So.2d 48, 50 (1953).

. There have been a few cases, however, in which either this Court or the Court of Civil Appeals proceeded to address on its merits an appeal of a Rule 27 order. See City of Mobile v. Howard, 59 So.3d 41 (Ala.2010); Albert P. Brewer Developmental Ctr. v. Brown, 782 So.2d 770 (Ala.2000); Stoor v. Turner, 727 So.2d 38 (Ala.1998); and Driskill v. Culliver, 797 So.2d 495 (Ala.Civ.App.2001). It does not appear, however, that the proper method of review was raised by the parties, or ex mero motu by the court, in any of these cases, and, unlike some of the cases addressing mandamus petitions, there was no discussion of the proper method of review in any of them.

. Rule 27(a)(2), Fed.R.Civ.P., begins as follows: "At least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing.”

. In their reply brief, the Ferrari defendants attach a copy of the case-action summary *640 from Psych&medics, which indicates that a hearing was held in that action.

. In fact, the trial court’s October 30, 2013, order granting DR Horton's preaction-discov-ery petition leaves some doubt as to whether the trial court even considered the Ferrari defendants' written arguments in response to the petition. In pertinent part, that order stated: "This matter having come before the Court, and the Court having reviewed the Petition for Pre-Suit Discovery Pursuant Rule 27 of the Alabama Rules of Civil Procedure filed by [DR Horton], for good cause shown, it is hereby GRANTED” (capitalization in original).

. Rule 34(a), Ala. R. Civ. P., provides:
"(a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test, or sample any designated documents or electronically stored information (including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect, copy, test, or sample .any designated tangible things that constitute or contain matters within the scope of Rule 26(b) and that are in the possession, custody, or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying; photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).”

. Rule 35(a), Ala. R. Civ. P., provides:
"(a) Order for examination. When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.”

. Section 2074, Federal Practice & Procedure, quotes with approval from Martin v. Reynolds Metals Corp., 297 F.2d 49, 56 (9th Cir.1961):
" ‘The purpose is to make Rules 34 and 35 applicable in proceedings to perpetuate testimony. Common sense says that there will be cases in which they should be applicable where a deposition is not necessary or appropriate. It may frequently occur that the only thing likely to be lost or concealed is a paper or object that should be subject to inspection, etc., under Rule 34, or the physical or mental condition of a party, who should be subject to physical or mental examination by a physician under Rule 35.’ "
(Emphasis added.)

. Section 2071 states as follows:
"The scope of discovery available under this rule is not as broad as that provided for discovery generally under Rule 26. Rule 27 is intended only for the perpetuation of testimony or other evidence. It is drafted
" 'to apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced. Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time.’
"[Petition of Ferkauf, 3 F.R.D. 89, 91 (S.D.N.Y.1943).]
"At first, some concern was expressed that this rule might be used for the purpose of discovery before action is commenced and might enable a person, to fish for some ground for bringing suit. The early commentators agreed that this was not the purpose of the rule, and, despite an occasional intimation to the contrary, the courts have generally agreed that to allow Rule 27 to be used for this purpose would be an ‘abuse of the rule.’ [Martin v. Reynolds Metals Corp., 297 F.2d 49, 55 (9th Cir.1961) ].”
(Emphasis added; footnotes omitted.)

. The Anderson Court did not specifically address discovery under Rule 35 because such discovery was not requested by the plaintiff in that case. Rule 27 provides for discovery under Rule 35, which allows physical and mental examinations of a party, under the same circumstances in which it provides for discovery under Rule 34, however.

. The referenced paragraph is quoted in this opinion in the text at the end of Section III.C.2.(b), above.

. The opinion in Ex parte Renovations Unlimited, LLC, 59 So.3d 679, 683 (Ala.2010), quoted the holding in Anderson. That opinion, however, also implied — and a review of the mandamus petition filed in the case confirms — that the mandamus petitioners did not ask for Anderson to be overruled. Instead, they succeeded before this Court by arguing merely that the Rule 27 petitioners had affirmatively relinquished their right to pursue legal action against the mandamus petitioners "by executing [a] release and thus no longer have 'an action cognizable in a court of this state’ as required by Rule 27(a)(1).” 59 So.3d at 683. This Court agreed with the mandamus petitioners, and it ordered the trial court to dismiss the petition for preaction discovery on this basis.
Likewise, the opinion in City of Mobile v. Howard, 59 So.3d 41 (Ala.2010), suggests— and a review of the mandamus petition filed in the case confirms — that the mandamus petitioners did not ask for Anderson to be overruled. Instead, the Howard Court reversed the trial court’s Rule 27 order based on the statutory privilege afforded by § 12-21-3.1, Ala.Code 1975, and its conclusion that Howard failed to demonstrate that she “has never tried to obtain the information she seeks from any source other than the City and has failed to demonstrate that she is unable to obtain that information from other sources without undue hardship.” 59 So.3d at 48. See also Albert P. Brewer Developmental Ctr. v. Brown, 782 So.2d 770 (Ala.2000) (dismissing the proceeding before us as moot); Ex parte Alabama Dep’t of Transp., 757 So.2d 371, 373-74 (Ala. 1999) (reversing the trial court's Rule 27 order on the ground that a federal statute protected the information sought from discovery).

. Similar to the language of our Rule 27(a)(1), Vermont's Rule 27(a)(1) begins by stating: "A person who desires to perpetuate testimony or to obtain discovery under.Rule 34 or 35 regarding any matter that may be cognizable in any court of the state may file a verified petition....” Vt. R. Civ. P. 27.
The Anderson Court observed that
“[i]n In re Burlington Bagel Bakery, Inc., 150 Vt. 20, 22, 549 A.2d 1044, 1045 (1988), the Vermont Supreme Court noted:
" 'V.R.C.P. gives the presiding judge discretion to grant a petition for preaction discovery if he or she "is satisfied that the perpetuation of the testimony or other discovery may prevent a failure or delay of justice.”
644 So.2d at 965. Nonetheless, the Anderson Court reasoned:
“Burlington Bagel Bakery suggests to us that if the question was presented squarely to it, the Vermont Supreme Court might treat Vermont Rule 27 as a preaction discovery device available for purposes other than the perpetuation of evidence, if the production of the evidence would 'prevent a failure or delay of justice.’ "
644 So.2d at 965 (emphasis added). The Anderson Court's quotation from Burlington Bagel Bakery is nothing more than the Vermont Supreme Court quoting a portion of Vermont’s Rule 27, not an explication of the rule. The Burlington Bagel Bakety court expressly "d[id] not reach the merits of this appeal,” and instead it reversed the judgment of the trial court on the ground that the hearing on the matter was incomplete because "no evidence was given by either party as to the truth of petitioner's allegation.” 150 Vt. at 22-23, 549 A.2d at 1045. Moreover, Burlington Bagel Bakery was a case in which the petitioner sought to depose the co-owner of a bakery “in order to perpetuate testimony to guard against the 'fading memories of the parties.' " In re Burlington Bagel Bakery, Inc., 150 Vt. at 21, 549 A.2d at 1044.

.The Anderson Court correctly observed that Alabama's Rule 27 is different than Federal Rule 27, but whether it is as "significantly different” as the Anderson Court asserted, see 644 So.2d at 965, is another matter. Rule 27(a)(3), Fed.R.Civ.P., provides, in part:
“If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken under these rules, and the court may issue orders like those authorized by Rules 34 and 35.”
Despite this wording, as the Anderson Court itself observed,
"[i]t seems to be generally understood now among the federal courts and among legal scholars that the objective of Federal Rule 27 is to perpetuate testimony and evidence in danger of being lost or destroyed, for use in a prospective action, and that, to the extent that use of Federal Rule 34 will serve to preserve evidence, it should be available regardless of whether it is used in conjunction with the taking of a deposition.”
Ex parte Anderson, 644 So.2d at 964 (emphasis added).

. See, e.g., Rule 27, Haw. R. Civ. P.; Rule 27(a)(1)-(c), Idaho R. Civ. P.; Rule 27, Me. R. Civ. P.; Rule 27, Mass. R. Civ. P.; Rule 27.01-03, Minn. R. Civ. P. Dist. Ct.; Rule 57.02, Mo. R. Civ. P.; Rule 27(a)-(c), Mont. R. Civ. P.; Rule 27, Neb. R. Civ. P.; Rule 1-027, N.M. R. Civ. P. Dist. Ct.; Rule 27, S.C. R. Civ. P.; Rule 27, Utah R. Civ. P.; Rule 27, Wash.Super. Ct. Civ. R.; and Rule 27, W. Va. R. Civ. P.

. See, e.g., McNett v. Alyeska Pipeline Servs. Co., 856 P.2d 1165, 1168-69 (Alaska 1993) (discussing Rule 27, Alaska R. Civ. P.); Block v. Superior Court, 219 Cal.App.2d 469, 33 Cal.Rptr. 205 (1963) (discussing Cal.Code Civ. § 2035.010); Rozek v. Christen, 153 Colo. 597, 387 P.2d 425 (1963) (discussing Rule 27, Colo. R. Civ. P.); Frye v. Massie, 115 Ill.App.3d 48, 450 N.E.2d 411, 70 Ill.Dec. 938 (1983) (discussing Rule 217, Ill. Sup.Ct. R. Civ. P. Trial Ct.); State v. Jablonski, 590 N.E.2d 598 (Ind.Ct.App.1992) (discussing Rule 27, Ind. R. Trial P.); Wiles v. Myerly, 210 N.W.2d 619 (Iowa 1973) (discussing Rule 1.721-1.729, Iowa R. Civ. P.); Meredith v. Wilson, 423 S.W.2d 519 (Ky.1968) (discussing Rule 27.01-.03, Ky. R. Civ. P.); In re Vermilion Parish Sch. Bd., 357 So.2d 1295 (La.Ct. *651 App. 1978) (discussing La.Code Civ. P. § 1429-1430); and Allen v. Allen, 105 Md. App. 359, 659 A.2d 411 (1995) (discussing Rule 2-204, Md. R.P. Cir. Ct.).

. The Courts in a third state, Ohio, are divided as to the meaning of the analogous rule there, which in any event is significantly different than Alabama's Rule 27. Compare Benner v. Walker Ambulance Co., 118 Ohio App.3d 341, 344, 692 N.E.2d 1053, 1055 (1997), and Cruz v. Kettering Health Network, (No. 24465) 2012-Ohio-24 (Ohio Ct.App., Jan 06, 2012) (unpublished opinion).

. See also Scott Dodson, Federal Pleading and State Presuit Discovery, 14 Lewis & Clark L.Rev. 43, 57 (2010) (explaining that Alabama’s "strong policy favoring presuit discovery for claim investigation" was created by the Alabama Supreme Court's construction of Rule 27).
In Pennsylvania, Rule 4003.8, Pa. R. Civ. P., provides:
"(a) A plaintiff may obtain pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party.
"(b) Upon a motion for protective order or other objection to a plaintiff's pre-com-plaint discovery, the court may require the plaintiff to state with particularity how the discovery will materially advance the preparation of the complaint. In deciding the motion or other objection, the court shall weigh the importance of the discovery request against the burdens imposed on any person or party from whom the discovery is sought.”
In Texas, Rule 202.1, Tex.R. Civ. P., provides:
"A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either:
"(a) to perpetuate or obtain the person’s own testimony or that of any other person for use in an anticipated suit; or
"(b) to investigate a potential claim or suit.”

. Rule 11, Ala. R. Civ. P., provides only that an attorney's signature on a complaint constitutes a certificate that the attorney has read the complaint and "that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.” The Alabama Litigation Accountability Act provides for sanctions against attorneys who file actions 1 that are “frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose.” See Ala.Code 1975, §§ 12-19-271 and-272.